UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **BENJAMIN T. BOYD**, Defendant. | 4:16-CR---20245-TGB<br><br>**OPINION AND ORDER DISMISSING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

Before the Court is Defendant Benjamin Boyd's motion to vacate his conviction under 28 U.S.C. § 2255. Boyd pled guilty to one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c) on June 2, 2016. ECF No. 23. Defendant timely moved to vacate his sentence on February 27, 2017. ECF No. 20. For the reasons stated herein, the Court will **DENY** Defendant's motion to vacate his conviction under 28 U.S.C. § 2255.

**I. Background**

On March 17, 2016, Michigan state police and the Drug Enforcement Administration executed a search warrant at a home in Flint, Michigan. Plea Agreement, ECF 16, PageID.45-46. Police seized Defendant Boyd as he was walking away from that residence. *Id.* Inside

1

the home, police recovered a Colt 9mm rifle under a loveseat in the living room, a Sig Sauer AR 15 .223 caliber rifle under a couch in the living room, and a .410 caliber shotgun in the basement. *Id.* All of the weapons were loaded. *Id.* In a bedroom located on the second floor of the home, police also recovered 13 grams of heroin and $924. *Id.* Both were found in a safe in the bedroom. *Id.* Also found in the bedroom were items bearing Boyd's name. *Id.* Defendant was thereafter indicted on one count of Possession with Intent to Distribute Heroin, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 1"), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c)(1)(A) ("Count 2"). ECF No. 9. As part of the Indictment, the Government alleged that Boyd "knowingly possessed a firearm, that is: a Sig Sauer .223 semi-automatic rifle, in *furtherance of a drug trafficking crime,* for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute heroin." *Id.* at PageID.21 (emphasis added).

On June 2, 2016, Defendant entered a plea of guilty as to Count 2 only. *See* Plea Agreement, ECF No. 16. In the Rule 11 plea agreement, Defendant admitted that on March 17, 2016 he knowingly possessed 13 grams of heroin stored in a safe in a second-floor bedroom of a home in Flint, Michigan. *Id.* at PageID.45. He also admitted to intending to distribute this heroin to others in exchange for money. *Id.* Further, Plaintiff admitted that he possessed a firearm, a Sig Sauer AR 15 .223

caliber rifle, which he stored underneath a couch in the living room of the home. *Id.* He admitted to loading the firearm "with a large capacity magazine, so that it could be easily accessed and available if needed," and that he "*used this firearm to protect his supply of heroin.*" *Id.* Boyd also admitted as much verbally at the June 2, 2016 plea hearing. For example, Boyd admitted that he possessed the firearm "[t]o protect the drugs and [himself]." Plea Hearing Transcript, ECF No. 23, PageID.117. He further admitted that "the fact that [he] had this firearm, was . . . related to possessing heroin in order to distribute the heroin." *Id.*

In Defendant's §2255 motion to vacate, Boyd alleges he is entitled to relief due to ineffective assistance of counsel. *See* ECF No. 20.

**II. Standard of Review**

The United States Supreme Court uses the two-prong *Strickland* test to analyze ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To meet this test, Boyd must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "counsel's performance [was] prejudicial to the defense." *Id.* When critiquing counsel's performance, courts are required to be "highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.* at 689. In the Sixth Circuit, courts also "must take care to avoid 'second-guessing' strategic decisions

3

that failed to bear fruit." *Lundgren v. Mitchell*, 440 F.3d 754, 769-70 (6th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689).

**III. Analysis**

Defendant brings two claims of ineffective assistance of counsel. First, he alleges that his counsel was ineffective in failing to move to dismiss Defendant's indictment because his conduct did not fall within the "use or carry" element of 18 U.S.C. § 924(c) "in direct violation of" *Bailey v. United States*, 516 U.S. 137 (1995). ECF No. 20, PageID.94. Second, Defendant alleges counsel was ineffective in failing to provide him accurate legal advice, thereby rendering his plea neither voluntary nor intelligent. The Court will consider Boyd's ineffective assistance claims together, as they both involve his allegations that trial counsel misled him as to the elements of § 924(c).

While Boyd asserts that his counsel was ineffective for misleading him as to the elements of § 924(c), a review of the statute and the caselaw reveals that Boyd is incorrect.

> 18 U.S.C. § 924(c)(1)(A) in relevant party provides that:
> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, *uses or carries* a firearm, *or* who, *in furtherance of any such crime*, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years.

(Emphasis added). The statute "criminalizes two separate and distinct offenses." *United States v. Combs*, 369 F.3d 925, 933 (6th Cir. 2004). A

4

defendant can either (1) *use or carry* a firearm *during and in relation to* a drug trafficking crime or (2) *possess* a firearm *in furtherance of* a crime of violence or drug trafficking crime. *Id.*

Defendant argues that his conduct does not fall within the "use or carry" element of 18 U.S.C. § 924(c) because he did not "actively employ[ ]" the firearm. ECF No. 20, PageID.93. He contends that because the drugs were found in a locked safe on the second floor and the firearms were hidden in the living room and basement, he did not brandish, display, carry, barter, strike with or ever attempt to fire the firearm; therefore, he cannot be guilty under § 924(c). ECF No. 20, PageID.93-94. He also claims that when he asked his counsel about whether these facts impacted the "use or carry" element of the crime, "counsel told him that the government could do this, because the guns [were] in the same house as the drugs." *Id.* Finally, Defendant claims that because he possessed the firearm "for his protection, and his protection only," he did not "actively employ" the firearm for the purpose of furthering a drug trafficking crime. *Id.*

Defendant relies on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 143 (1995). Under *Bailey*, the Supreme Court held that a defendant could not be convicted of "using" a firearm unless the Government showed "that the defendant actively employed the firearm during and in relation to the predicate crime." *Id.* at 150. However, *Bailey* does not support Defendant's claims. "*Bailey* examined

5

an earlier version of [§ 924(c)] that prohibited *only* 'using or carrying a firearm during and in relation to' drug trafficking." *United States v. Combs*, 369 F.3d 925, 931-32 (6th Cir. 2005) (citing 18 U.S.C. § 924(c)(1) (1994)). In 1998, Congress explicitly amended the statute in response to *Bailey*, adding the "in furtherance of" provision. It was this provision, not the "use and carry" provision, under which Defendant Boyd was indicted. *See United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001); ECF No. 9. In *Mackey*, the Sixth Circuit interpreted the "in furtherance of" provision, to mean that "the weapon must promote or facilitate the crime." 265 F.3d at 460-61. The "in furtherance of" provision constitutes a separate and distinct offense from the "use or carry" provision. *Combs*, 369 F.3d at 933. To prove that a defendant is guilty of a violation of the "in furtherance of" provision does not require proof of the active employment of the firearm, as was required under *Bailey's* interpretation of the predecessor "use and carry" provision.

"By requiring that the possession be 'in furtherance of' the crime, Congress intended a specific nexus between the gun and the crime charged." *Mackey*, 265 F.3d at 462. The *Mackey* court further stated that "[i]n order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *Id.* "Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the

6

legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id.* In *Mackey*, the Sixth Circuit upheld the defendant's conviction where there was evidence presented that "there was an illegally possessed, loaded, short-barreled shotgun in the living room of the crack house, easily accessible to the defendant and located near the scales and razor blades. [Mackey], stopped by police near the gun, possessed cocaine and a large sum of cash." *Id.* Here, Defendant's plea colloquy indicated that he pled to each element of § 924(c) under the "in furtherance of" provision. Despite his contentions, Boyd admitted that he possessed and used the Sig Sauer AR 15 .223 caliber rifle hidden underneath a couch in the living room "to protect his supply of heroin" and kept it loaded "so that it could be easily accessed and available if needed." ECF No. 16, PageID.45. Boyd also admitted that he "intended on distributing th[e] heroin to others in exchange for money." *Id.*; *see also* Plea Hearing Transcript, ECF No. 23, PageID.116-17.

Cloaked with the strong presumption of effectiveness articulated in *Strickland*, Boyd's trial counsel is assumed to have understood that § 924(c) consists of these separate and distinct offenses and that the Indictment charged Boyd under the "in furtherance of" offense, not the "use and carry" offense. *See* Indictment, ECF No. 9, PageID.21. Given that a motion to dismiss under the logic of *Bailey* would not have been granted, it was not ineffective for Defendant's counsel to decline to file

7

such a motion. Nor was Boyd's counsel ineffective in providing Boyd legal advice consistent with this understanding.

## IV. Conclusion

For the reasons set forth above, the Court **DENIES** Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: November 8, 2019

                                            BY THE COURT:

                                            /s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 8, 2019, by electronic and/or ordinary mail.

                                                        S/A. Chubb
                                                      Case Manager and Deputy Clerk